### JORDAN v. REEDY ELEVATOR CO.

(Supreme Court, Appellate Term. November 11, 1910.)

MUNICIPAL CORPORATIONS (§ 706*)—ACTION FOR INJURIES TO CHILD.

In an action by a father for injuries to his son by collision with defendant's truck while practicing for a foot race, plaintiff cannot recover, in the absence of any evidence of negligence on the part of the driver of the truck, and of any care having been exercised by the son for his own safety.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frank L. Jordan against the Reedy Elevator Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Wesselman & Kraus (Bertram L. Kraus, of counsel), for appellant.
Geo. B. Class, for respondent.

SEABURY, J. The plaintiff brought this action to recover expenses which he incurred in providing surgical treatment for his son, who it is claimed was injured through the defendant's negligence. The injury occurred by reason of the boy colliding with one of defendant's trucks at the corner of Seventh avenue and Thirteenth street. The plaintiff's son, who was 13 years of age, was practicing for a running race to be held by the boys of the public schools of New York City. The boy commenced running at the corner of Fourteenth street and Seventh avenue, while another boy timed him with a stop-watch. The

plaintiff's son ran as fast as he could toward Thirteenth street, at which point he left the sidewalk and collided with the defendant's truck. There is no evidence in the case to show that the driver of the truck was negligent in any way, or that the plaintiff's son exercised any care with regard to his own safety.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.